**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

**COMPLAINT**

| | |
|---|---|
| **Kevin Jenkins**<br><br>Plaintiff,<br><br>v.<br><br>**Clarity Services, Inc.**<br><br>Defendant. | CASE NO. ______________________<br><br>Complaint for a civil case<br><br>Jury Trial: ☒ Yes ☐ No |

**Introduction**

1. This is a civil action for actual, statutory damages and cost brought by Kevin Jenkins ("Plaintiff") an individual consumer, against defendant, Clarity Services, Inc. ("Clarity") for violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 *et seq*. (hereinafter "FCRA").

**Jurisdiction**

2. Jurisdiction of this court arises under 15 U.S.C § 1681(P) and 28 U.S.C § 1391 B(2) because a substantial part of the events, omissions, or conduct giving rise to plaintiff claim occurred in this judicial district. Defendant ("Clarity") transacts business in Georgia and furnished the consumer report at issue to Plaintiff in this judicial district.

3. The court has supplemental jurisdiction of any state law pursuant to 28 U.S.C § 1367.

**Parties**

4. Plaintiff, Kevin Jenkins is a natural person and consumer as defined by 15 U.S.C § 1681 a(c), residing in Cobb County, Georgia.

5. Upon information and belief, Defendant, Clarity Services, Inc. is a Florida corporation and a "Consumer Reporting Agency" with a principal address at 15550 Lightwave Drive, Suite 350, Clearwater, FL 33760. Clarity is a wholly-owned subsidiary of Experian and identifies itself to consumers as "Clarity Services, Inc., a part of Experian." Clarity's registered agent is C T Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

6. Upon information and belief, Clarity is a "consumer reporting agency", as defined in 15 U.S.C. § 168la(f). Upon information and belief, Clarity is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §168la(d) to third parties.

7. Upon information and belief, Clarity disburses such consumer reports to third parties under contract for monetary compensation, furnishing consumer reports, as defined in 15 U.S.C. § 1681 a(d) to third parties.

8. The acts as described in this complaint were performed by defendants or on defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "defendant" or their owners, agents, and/or employees.

## Introduction

9. According to 15 USC §1681a of the Fair Credit Reporting Act (FCRA), The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports

directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

10. According to 15 USC §1681i(a)(1)(A) Subject to subsection (f) and except as provided in subsection (g), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

11. According to 15 USC §1681e(a) of the FCRA every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 1681c of this title and to limit the furnishing of consumer reports to the purposes listed under section 1681b of this title.

12. Furthermore section 15 USC§ 1681e(b) of the FCRA goes on to state that whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

13. Defendant is subject to civil liability under 15 USC § 1681n for the willful noncompliance and 15 USC § 1681o for negligent noncompliance under the Fair Credit Reporting Act.

## Factual Allegations

14. On or about July 3, 2026, plaintiff obtained and reviewed his Clarity consumer report, Reference Number 56C3DZYB. (See Exhibit B).

15. In the report the Plaintiff observed an account from Acima Digital, account number XXXX3418, that was reporting inaccurate and incomplete information, together with inaccurate and conflicting income information and inaccurate and malformed address information in the personal information sections of the report.

16. The inaccurate and incomplete information included, without limitation: a reported current balance that exceeds the reported charge-off amount on the same tradeline, together with a third and separate past-due figure that reconciles with neither; account terms that cannot be reconciled with the account's own reported open and closed dates; delinquency fields that contradict one another, including a reported dollar amount of late payments of $0 alongside a reported 157 total days late; collections fields that contradict one another, including zero reported collections alongside 22 reported days in collections and a specific last collection date; a required First Due Date field left blank while a First Payment Date is populated; a payment history reported as a string of unexplained symbols that conveys no intelligible payment performance; and a tradeline asserting a present balance and past-due amount that the furnisher has not updated since December 31, 2024. Each inaccuracy is identified by account, by data field, and by reported value in Plaintiff's dispute letter. (See Exhibit A).

17. The report's delinquency data is additionally impossible on its own arithmetic. Clarity reports a Delinquency Date of September 22, 2024, a Last Payment Date and Last On-

Time Payment Date of August 20, 2024, and a Charged Off Date and Closed Date of December 22, 2024. The entire span between the reported onset of delinquency and the reported closure of the account is approximately ninety-one days. Clarity nevertheless reports Total Days Late of 157 and a Longest Late Payment of 100 days. Both figures exceed the total number of days the account is reported to have been delinquent before it closed, and neither can be true as reported.

18. Plaintiff sent a dispute letter on or around July 3, 2026 disputing the completeness and accuracy of the inaccurate information stated above to Clarity. (See Exhibit A).

19. According to 15 USC§ 1681i(a)(1) of the FCRA, if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

20. On or around August of 2026, Clarity sent back the results of the dispute and the disputed information was "Verified as Accurate," however Clarity continued to report the information inaccurately on the Plaintiff's consumer report. (See Exhibit C). The thirty-day reinvestigation period prescribed by 15 U.S.C. § 1681i(a)(1)(A) expired on or about August 2, 2026.

21. In the Plaintiff's dispute letter to the defendant Clarity, the Plaintiff pointed out multiple clear inaccurate and incomplete information that the defendant was reporting. The defendant in turn processed the dispute yet failed to update any of the incomplete and inaccurate information that the Plaintiff clearly pointed out. Clarity had actual knowledge of these inaccuracies from the Plaintiff's dispute letter and deliberately chose to ignore and permit the reporting of the inaccurate accounts. (See Exhibit A for the dispute letter submitted)

22. Clarity's reinvestigation results were not proper and as a result they continued reporting information that is materially misleading and thus, inaccurate. See *Shaw v. Experian Information Solutions, Inc.,* concluded that an item of information on a consumer's credit report is "inaccurate" if it either is "patently incorrect" or is "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." 891 F.3d 749, 756 (9th Cir. 2018)

23. Clarity verified the disputed information without account-level documentation which is a violation of the FCRA. Without proper documentation to verify the information reporting on each account, one cannot verify the information and therefore it should be deleted from the consumer report.

24. As the FCRA does not define "verify" or "investigation," we must look to the ordinary meaning of those terms. *See United States v. Santos*, 553 U.S. 507, 511, 128 S.Ct. 2020, 2024 (2008) ("When a term is undefined, we give it its ordinary meaning."); *United States v. Lopez*, 590 F.3d 1238, 1248 (11th Cir. 2009) ("To ascertain the ordinary meaning, courts often turn to dictionary definitions for guidance.").

25. The ordinary meaning of "verification" is: (1) "evidence that establishes or confirms the accuracy or truth of something"; (2) "the process of research, examination, etc., required to prove or establish authenticity or validity"; (3) "a formal assertion of the truth of something, as by oath or affidavit"; and (4) "a short confirmatory affidavit at the end of a pleading or petition." *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 782-83 (6th Cir. 2014) (quoting *Random House Unabridged Dictionary* 2113 (2d ed. 1993)). "Verify" has a similar meaning in the legal context. *See Black's Law Dictionary* 1793 (10th ed. 2014) ("verify vb. (14c) 1. To prove to be true; to confirm or establish the truth or truthfulness of; to authenticate. 2. To confirm or substantiate by oath or affidavit; to swear to the truth of."). Finally, the term "investigation" is defined as "[a] detailed inquiry or systematic examination" or "a searching inquiry." *Johnson*, 357 F.3d at 430 (quoting *Am. Heritage Dictionary* 920 (4th ed. 2000); *Webster's Third New Int'l Dictionary* 1189 (1981)).

26. Clarity prepared and published to third parties multiple inaccurate consumer reports about the plaintiff that contained the inaccurate accounts despite the plaintiff's dispute.

27. Clarity received the plaintiff's dispute, but wholly and entirely failed to conduct the reinvestigation required by law. Instead, they merely "parroted" the information dictated to it by the furnishers.

28. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and reporting these accounts inaccurately has caused a lower credit score to be generated.

29. The defendant failed to conduct a reasonable investigation and reinvestigation, failed to review and consider all relevant information submitted by Plaintiff, and failed to conduct any independent investigation. Instead, despite possessing evidence that the information was inaccurate as described by Plaintiff in the Dispute, Clarity deferred to the furnishers and merely "parroted" the information dictated to it by them, and without any explanation or reason continued to report this false, inaccurate, or otherwise incomplete information about Plaintiff.

30. Clarity's reporting of inaccurate information about the Accounts, which are the subject of the Dispute, despite evidence that said information is inaccurate, is evidence of the defendant's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file. On at least one occasion within the past year, by example only and without limitation, Clarity violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff, including when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's credit report. Clarity's procedures were per se deficient by reason of these failures.

31. The defendant has willfully and recklessly failed to comply with the FCRA. The failures of Clarity to comply with the FCRA include, but are not limited to, the following:

[a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

[b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

[c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

[d] the failure to promptly and adequately investigate information which Clarity had notice was inaccurate;

[e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

[f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information;

[g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Clarity to delete; and

[h] the failure to take adequate steps to verify information Clarity had reason to believe was inaccurate before including it in the credit report of the consumer.

32. Due to this reporting by Clarity on the Plaintiff's consumer report, the consumer has suffered numerous damages including but not limited to statutory damages, actual damages including denial of credit, loss of credit, loss of ability to benefit from credit, loss of time due to dealing with the violations from the defendant, anxiety, lower credit scores, humiliation, damage to character, mental distress, and emotional distress. The inaccurate credit reporting by Clarity has caused Plaintiff substantial emotional distress. Plaintiff lives with the constant fear that his financial integrity and personal reputation are being judged based on false and misleading information. Each time Plaintiff applies for credit, housing,

or employment, there is anxiety and uncertainty surrounding whether the inaccurate data will result in rejection or increased scrutiny.

33. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered denial of credit, a lower credit score, lost opportunities to benefit from his credit, and emotional distress from having his inaccurate consumer report furnished to multiple third parties, all as a result of the Defendant failing to correctly modify or delete this inaccurate information as required by law. Clarity regularly furnishes Plaintiff's consumer report to third parties, as reflected in the "Inquiries seen by others" section of Exhibit B, which identifies by name and date the lenders, lessors, and collection agencies that have obtained Plaintiff's Clarity report, including OneMain, Today Cash, Uplift Loans, InvestiNet, FlexShopper, Zibby, West Creek Financial dba Koalafi, and Exeter Finance LLC. The inaccurate information remained in Plaintiff's file and available for dissemination to any such user after Clarity completed its reinvestigation.

34. The conduct, action and inaction of Clarity was willful, thereby rendering the defendant liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n), and Plaintiff is entitled to recover reasonable costs and attorney's fees from the defendant in an amount to be determined by the Court. The appearance of the accounts on Plaintiff's credit report, namely, the accounts identified by Plaintiff in Plaintiff's dispute to Clarity, was the direct and proximate result of the defendant's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of 15 U.S.C. § 1681e(b).

**Defendant Clarity refused to provide Plaintiff with Full File Disclosure As Required By Section 1681g of the FCRA**

35. Plaintiff requested Plaintiff's full file disclosure under section 1681g of the FCRA in July of 2026. This was sent and attached to the dispute from Exhibit A that the plaintiff sent in July of 2026.

36. The full file disclosure is more than what is provided in a consumer report or a credit report — it is all the information the credit bureau has on the consumer.

37. Defendant Clarity refused to provide the plaintiff with the full file disclosure.

38. The law is very clear under 1681g — to provide the Plaintiff with everything that is in his file.

39. Defendant Clarity knew the plaintiff had requested this information and had identified who the plaintiff was and refused to send the file to the Plaintiff's home address.

40. Defendant Clarity refused to provide all the data contained in its files.

41. As one simple example, the Acima Digital tradeline discloses a blank "First Due Date" field notwithstanding that the same tradeline discloses a populated First Payment Date of January 26, 2024 and a weekly payment frequency, establishing that a first due date necessarily existed and is held by Clarity or its furnisher.

42. As a further and more fundamental example, Clarity affirmatively announced in the disclosure itself that it was withholding information about the plaintiff. Under the heading "RESELLER NOTICE," Clarity states that in addition to being a credit bureau it is also a

reseller of consumer information; that as a reseller it obtains information about the plaintiff from other credit bureaus and provides that information to users; and that "this information that Clarity resells from other credit bureaus is not part of your Clarity 'file' and therefore is not included in the packet that you received today."

43. Section 1681g(a)(1) requires disclosure of all information in the consumer's file at the time of the request. Information that Clarity obtains about the plaintiff, maintains, and resells to third parties for a fee is information in the plaintiff's file within the meaning of the statute. Clarity cannot furnish information about the plaintiff to paying users while simultaneously declaring that same information outside the plaintiff's own file for disclosure purposes. Clarity's notice is not a disclaimer of information it lacks; it is an admission that Clarity holds and disseminates information about the plaintiff that it declined to disclose to him.

44. The withholding is deliberate and categorical rather than inadvertent. Clarity printed the notice on the face of the disclosure, identified Experian by name as the bureau from which it obtained and resold information about the plaintiff within the preceding ninety days, and directed the plaintiff to seek that information elsewhere rather than providing it.

45. Defendant Clarity has deprived the plaintiff of the plaintiff's rights to see everything contained in his file under section 1681g.

46. As a direct result of Clarity's refusal to provide Plaintiff with a full file disclosure as required by 15 U.S.C. § 1681g, Plaintiff has suffered both actual and intangible damages. Without access to the complete contents of his credit file, Plaintiff has been unable to determine what specific information Clarity is maintaining and disclosing to third parties. Without the information Clarity obtains and resells about him, Plaintiff cannot determine

what Clarity is telling third-party users about his credit. This has deprived Plaintiff of the opportunity to identify, dispute, and correct inaccurate or outdated information, thereby placing Plaintiff at an ongoing disadvantage in financial transactions. This lack of transparency has caused emotional distress, including anxiety and frustration. Plaintiff also lost valuable time and resources trying to obtain the file through lawful means. The defendant's refusal has obstructed Plaintiff's right to exercise informed control over his personal financial information. These injuries are ongoing and were directly caused by Clarity's unlawful conduct.

47. Without having access to all of the information in the plaintiff's file, the plaintiff is unable to determine if there is additional inaccurate or incomplete information that plaintiff needs to dispute had plaintiff been given the full file disclosure as required by law.

**Clarity refused to Accept Plaintiff's Consumer Statement as Required by Section 1681i**

48. Plaintiff specifically requested, as is Plaintiff's right under 1681i, a statement be added to Plaintiff's consumer file about the inaccurate and incomplete data on each of the disputed accounts. Plaintiff submitted a written consumer statement, set out verbatim in the dispute letter and keyed to the disputed Acima Digital tradeline, and demanded that it be added to his file and included in all subsequent consumer reports containing the disputed information. (See Exhibit A)

49. According to 15 U.S.C. 1681i(c) — Notification of consumer dispute in subsequent consumer reports — whenever a statement of a dispute is filed, unless there is reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it

is disputed by the consumer and provide either the consumer's statement or a clear and accurate codification or summary thereof.

50. Defendant Clarity failed to add the statement to the disputed tradeline as the plaintiff requested in his Exhibit A letter. The "Consumer Dispute" field on the Acima Digital tradeline remains blank and no consumer statement appears anywhere in Plaintiff's file.

51. Defendant Clarity had no right to refuse to add the statement as the plaintiff met the requirements under 1681i. The statement was neither frivolous nor irrelevant; it identified concrete, verifiable contradictions in Clarity's own reported data on the specific account to which it was directed.

52. Defendant Clarity refused to explain to the plaintiff why they are violating the law in this manner.

53. As a direct result of Clarity's refusal to include the consumer statement submitted pursuant to 15 U.S.C. § 1681i, the plaintiff suffered both tangible and intangible damages. The plaintiff was deprived of the statutory right to have his dispute accurately reflected on the credit report, thereby preventing potential creditors, employers, and other third parties from being made aware that he contested the information Clarity was reporting. This omission materially misrepresented the nature of the reported account and caused the report to appear unchallenged and fully accurate when it was not.

**Failure to Provide Description of Reinvestigation Procedure – Violation of 15 U.S.C. § 1681i(a)(6)(B)(iii)**

54. In July 2026, Plaintiff submitted a written dispute to Clarity regarding inaccurate and incomplete information contained in Plaintiff's credit file. (See Exhibit A)

55. In accordance with 15 U.S.C. § 1681i(a)(6)(B)(iii), Plaintiff requested that Clarity provide a description of the procedure used to determine the accuracy and completeness of the disputed information.

56. Specifically, Plaintiff requested the name, address, and telephone number (if reasonably available) of each furnisher of information that Clarity contacted in connection with the reinvestigation.

57. Despite this clear statutory obligation, Clarity failed to provide the required procedural description, including the identity and contact information of the furnishers.

58. As a result, Plaintiff was left without a clear understanding of how Clarity conducted the reinvestigation or whether the investigation process complied with the standards set forth in the Fair Credit Reporting Act.

59. Clarity's refusal to disclose this information obstructed Plaintiff's ability to identify and hold accountable the furnishers of false or inaccurate data, impairing Plaintiff's right to take corrective or legal action.

60. The failure to comply with § 1681i(a)(6)(B)(iii) caused Plaintiff to suffer actual damages, including loss of transparency in the reinvestigation process, emotional distress, and the ongoing harm of inaccurate credit reporting.

61. Clarity's failure was willful or, in the alternative, negligent, and entitles Plaintiff to recover actual damages, statutory damages, punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

**Count 1 Violation of the Fair Credit Reporting Act**

**15 U.S.C § 1681e(b) (Clarity)**

62. Mr. Jenkins realleges and incorporates all other factual allegations set forth in this complaint.

63. Clarity violated 15 U.S.C §1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit file it published and maintained after the date Plaintiff put the agency on notice of the suspect and disputed inaccuracies.

64. Maximum possible accuracy means making sure you are reporting every detail on a consumer report with 100% accuracy and completeness. Defendant Clarity clearly failed to follow reasonable procedures to assure maximum accuracy as the Plaintiff clearly disputed very specifically each detail that was inaccurate and incomplete to the Defendant, yet in despite of the Plaintiff's dispute, the defendant verified each account and continued to report the information the Plaintiff disputed inaccurately and incompletely.

65. As a result of Clarity's violations of 15 U.S.C 1681e(b), Mr. Jenkins suffered actual damages, including but not limited to: loss of credit, denial of credit, loss of ability to purchase or benefit from credit, loss of time due to learning how to defend against the

Defendant's violation of his rights, emotional distress, anxiety, damage to reputation, and other mental and physical distress.

66. The violations by the defendant were willful rendering the Defendant liable for punitive damages in an amount to be determined by the court pursuant to 15 U.S.C 1681n. In the alternative, the defendant was negligent, which entitles Mr. Jenkins to recovery under 15 U.S.C 1681o.

67. Mr. Jenkins is entitled to recover actual damages, statutory damages, cost and attorney's fees from Clarity in an amount to be determined by the court pursuant to 15 U.S.C 1681n and 1681o.

**Count II Violation of the Fair Credit Reporting Act**

**15 U.S.C § 1681i(a)(1)(A) (Clarity)**

68. Mr. Jenkins realleges and incorporates all other factual allegations set forth in this complaint.

69. Clarity violated 15 U.S.C§ 1681i(a)(1)(A) on multiple occasions by failing to conduct a reasonable investigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Mr. Jenkins's credit file.

70. The defendant violated 15 U.S.C§ 1681i(a)(1)(A) because the Plaintiff disputed each inaccurate and incomplete item being reported on his consumer report, yet the Defendant received the Plaintiff's dispute and failed to update or delete any of the clearly inaccurate

items that the Plaintiff pointed out in his dispute which clearly shows they did not do a proper investigation and is a violation of 15 U.S.C§ 1681i(a)(1)(A).

71. As a result of the defendant's violations of 15 U.S.C §1681i(a)(1)(A), Mr. Jenkins suffered actual damages, including but not limited to: loss of credit, denial of credit, loss of ability to purchase or benefit from credit, loss of time due to learning how to defend against the Defendant's violation of his rights, damage to reputation from brandishing an inaccurate consumer report to third parties which in turn led to humiliation and embarrassment, anxiety and other mental, physical, and emotional distress.

72. The violations by the defendant were willful rendering the Defendant liable for punitive damages in an amount to be determined by the court pursuant to 15 U.S.C 1681n. In the alternative, Clarity was negligent, which entitles the plaintiff to recovery under 15 U.S.C § 1681o.

73. Mr. Jenkins is entitled to recover actual damages, statutory damages, cost and attorney's fees from Clarity in an amount to be determined by the court pursuant to 15 U.S.C §1681n and 1681o.

**Count III Violation of the Fair Credit Reporting Act**

**15 U.S.C § 1681i(a)(2)(A) (Clarity)**

74. The plaintiff realleges and incorporates all other factual allegations set forth in this complaint.

75. Clarity violated 15 U.S.C §1681i(a)(2)(A) on multiple occasions by failing to provide each furnisher that the plaintiff disputed with all relevant information regarding Mr. Jenkins's dispute.

76. As a result of the defendant's violations of 15 U.S.C §1681i(a)(2)(A), Mr. Jenkins suffered actual damages, including but not limited to: loss of credit, denial of credit, loss of ability to purchase or benefit from credit, damage to reputation, embarrassment, humiliation, anxiety and other mental, physical, and emotional distress.

77. The violations by the defendant were willful rendering the Defendant liable for punitive damages in an amount to be determined by the court pursuant to 15 U.S.C § 1681n. In the alternative, the defendant was negligent, which entitles Mr. Jenkins to recovery under 15 U.S.C §1681o.

78. Mr. Jenkins is entitled to recover actual damages, statutory damages, cost and attorney's fees from the defendant in an amount to be determined by the court pursuant to 15 U.S.C 1681n and 1681o.

**Count IV Violation of the Fair Credit Reporting Act**

**15 U.S.C § 1681i(a)(4) (Clarity)**

79. Mr. Jenkins realleges and incorporates all other factual allegations set forth in this complaint.

80. Clarity violated 15 U.S.C §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by the plaintiff.

81. In the Plaintiff's dispute letter to the Defendant, the Plaintiff pointed out multiple inaccurate and incomplete information that the Defendant was reporting. The Defendant in return processed the dispute yet failed to update any of the incomplete and inaccurate information that the Plaintiff clearly pointed out.

82. As a result of the defendant's violations of 15 U.S.C §1681i(a)(4), Mr. Jenkins suffered actual damages, including but not limited to: loss of credit, denial of credit, loss of ability to purchase or benefit from credit, damage to reputation due to the Defendant's inaccurate reporting of these accounts, damage to reputation, embarrassment and humiliation from Defendant furnishing the Plaintiff's report to third parties, anxiety from fear of defendant continuing to furnish this inaccurate information to third parties and fear of never being able to benefit from his credit, and other mental, physical, and emotional distress.

83. The violations by the defendant were willful rendering the Defendant liable for punitive damages in an amount to be determined by the court pursuant to 15 U.S.C § 1681n. In the alternative, the defendant was negligent, which entitles Mr. Jenkins to recovery under 15 U.S.C 1681o.

84. Mr. Jenkins is entitled to recover actual damages, statutory damages, cost and attorney's fees from the defendant in an amount to be determined by the court pursuant to 15 U.S.C §1681n and 1681o.

**Count V Violation of the Fair Credit Reporting Act**

**15 U.S.C § 1681i(a)(5)(A) (Clarity)**

85. Mr. Jenkins realleges and incorporates all other factual allegations set forth in this complaint.

86. Clarity violated 15 U.S.C §1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Mr. Jenkins's credit file or modify the item of information upon a lawful reinvestigation.

87. As a result of the defendant's violations of 15 U.S.C §1681i(a)(5)(A), Mr. Jenkins suffered actual damages, including but not limited to: loss of credit, denial of credit, loss of ability to purchase and benefit from credit, damage to reputation, embarrassment, humiliation, anxiety, and other mental, physical, and emotional distress.

88. The violations by the defendant were willful rendering the Defendant liable for punitive damages in an amount to be determined by the court pursuant to 15 U.S.C §1681n. In the alternative, the defendant was negligent, which entitles the plaintiff to recovery under 15 U.S.C 1681o.

89. Mr. Jenkins is entitled to recover actual damages, statutory damages, cost and attorney's fees from the defendant in an amount to be determined by the court pursuant to 15 U.S.C §1681n and 1681o.

## Count VI Failure to Provide Full File Disclosure in Violation of 15 U.S.C. § 1681g

90. Plaintiff realleges and incorporates by reference paragraphs 1 through 61 as if fully set forth herein.

91. Under 15 U.S.C. § 1681g(a)(1), a consumer reporting agency must, upon request, clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request.

92. Plaintiff submitted a valid request to Defendant Clarity for Plaintiff's full file disclosure as defined by § 1681g.

93. Defendant Clarity willfully and/or negligently failed to provide all information in Plaintiff's file, including but not limited to the information Clarity obtained from other consumer reporting agencies and resold to third parties concerning Plaintiff, which Clarity expressly declared was "not part of your Clarity 'file'" and withheld from the disclosure, as well as the blank First Due Date field and the sources of the information contained in the disputed tradeline.

94. Defendant's refusal to provide the complete file has deprived Plaintiff of the ability to identify and challenge other potentially inaccurate or incomplete information, in direct violation of Plaintiff's rights under the FCRA.

95. As a result of Clarity's conduct, Plaintiff suffered actual damages including emotional distress, loss of transparency, and impairment in Plaintiff's ability to safeguard his credit file.

96. Defendant's actions were willful, or in the alternative, negligent, and entitle Plaintiff to actual damages, statutory damages, punitive damages, attorney's fees, and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

**Count VII Failure to Add Consumer Statement**

**in Violation of 15 U.S.C. § 1681i(c) (Clarity)**

97. Plaintiff realleges and incorporates by reference paragraphs 1 through 61 as if fully set forth herein.

98. Pursuant to 15 U.S.C. § 1681i(c), a consumer reporting agency must include a consumer's statement of dispute in the consumer's file and in any future consumer report that contains the disputed information, unless the statement is frivolous or irrelevant.

99. Plaintiff submitted a clear, relevant, and non-frivolous statement of dispute requesting that Clarity include the statement in Plaintiff's file and with the disputed account.

100. Defendant Clarity willfully and/or negligently refused to add Plaintiff's statement to the disputed account.

101. As a result, Plaintiff's disputes were misrepresented to third parties, creating the false appearance that Plaintiff did not challenge the information, thereby harming Plaintiff's credibility and creditworthiness.

102. Plaintiff suffered tangible and intangible damages including financial loss, denial of favorable credit opportunities, and emotional distress including anxiety and anger.

103. Defendant's refusal to include the statement, without lawful justification, violated § 1681i(c) and entitles Plaintiff to actual damages, statutory damages, punitive damages, attorney's fees, and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

**Count VIII Failure to Provide Description of Reinvestigation Procedure**

**in Violation of 15 U.S.C. § 1681i(a)(6)(B)(iii)**

104. Plaintiff realleges and incorporates by reference paragraphs 1 through 61 as if fully set forth herein.

105. Under § 1681i(a)(6)(B)(iii), a consumer reporting agency must, upon request, provide a consumer with a description of the procedure used to determine the accuracy and completeness of disputed information.

106. This description must include the name, address, and telephone number (if reasonably available) of any furnisher of information contacted during the reinvestigation.

107. Plaintiff properly requested this information in connection with his dispute in 2026.

108. Defendant Clarity failed to comply with this statutory requirement and refused to disclose the identity and contact information of furnishers, thereby obstructing Plaintiff's right to evaluate the adequacy of the reinvestigation.

109. As a result, Plaintiff suffered damages including the loss of transparency in the dispute process, emotional distress, and diminished ability to pursue further legal remedies.

110. Defendant's actions were willful, or in the alternative, negligent, and entitle Plaintiff to actual damages, statutory damages, punitive damages, attorney's fees, and costs under 15 U.S.C. §§ 1681n and 1681o.

**WHEREFORE**, Plaintiff demands judgment for actual, statutory and punitive damages against Defendant, for their attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper. **TRIAL BY JURY IS DEMANDED**

Date: August 16, 2026

Respectfully Submitted,

*/s/Esther Oise*
**Esther Oise, Esq.**
Georgia Bar No.686342
Oise Law Group, P.C.
2635 Governors Walk Blvd
Snellville, GA 30039
Tel: (770) 895-3736
Fax: (980) 265-8981
oiselaw@gmail.com

*Counsel for Plaintiff*

**ATTACHED EXHIBIT LIST**

A. Plaintiff's written dispute to Clarity Services, Inc. dated July 3, 2026, with enclosures.

B. Clarity consumer report dated July 3, 2026 (Reference No. 56C3DZYB).

C. Clarity's dispute results dated August 2026 and post-reinvestigation Clarity consumer report.